(No. 3406—

JOHN JAMES CRATTY, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed December 12, 1939.*

MARY DOUBET CASSELL, CLARENCE W. HEYL and RICHARD J. KAVANAGH, for claimant.

JOHN E. CASSIDY, Attorney General; GLENN A. TREVOR, Assistant Attorney General, for respondent.

MR. JUSTICE YANTIS delivered the opinion of the court:

On September 25, 1937 plaintiff was employed as an automobile salesman by one Joe Fisher. His complaint recites that on that date while engaged in the performance of his duties, he called upon a prospective customer at a building located on what is commonly designated as "Plank Road" in Peoria County, lying below and parallel with State Route No. 116 at a point where a certain bridge built by the State of Illinois connects with said Route; that Route No. 116 is about thirty-five or forty feet above "Plank Road," and that there is a flight of steps leading down to the road from said Route. The stairway was erected by the State of Illinois to provide a connection from the road to the Route. It is constructed of cement and an iron railing is placed along the edge of the stairway to be used as a support for persons traveling such stairs.

The complaint further alleges that the State by its agents and servants in so constructing and maintaining the stairs, carelessly, negligently and recklessly failed to securely fasten the iron railing, and permitted same to remain in a dangerous and unsafe condition, and that plaintiff being unaware thereof, while ascending the steps on the day stated took hold of the railing which gave way, causing him to lose his balance and to fall a distance of thirty feet from said steps to the "Plank Road." Claimant suffered serious injuries as a result of the fall which confined him to the hospital for almost eleven

months, and incurred hospital and medical bills aggregating Three Thousand Nine Hundred Ninety-nine ($3,999.00) Dollars.

At the time plaintiff was injured he and his employer were operating under the Workmen's Compensation Act of Illinois, insurance thereunder being carried with the Travelers Insurance Company of Hartford, Connecticut. Payment of compensation was contested before the Industrial Commission but eventually a settlement was made whereby the Insurance Company paid claimant Four Thousand Three Hundred Forty ($4,340.00) Dollars. The hospital and medical bills were settled for One Thousand Nine Hundred Fifty-seven ($1,957.00) Dollars. The claim recites that in case of any award hereunder, said Insurance Company would be entitled to subrogation in the above sum of Four Thousand Three Hundred Forty ($4,340.00) Dollars, and claimant herein seeks an award of Twenty-five Thousand ($25,000.00) Dollars to cover medical and hospital bills past and future, and loss of earning ability, permanent disability, pain, and suffering.

The Attorney General has filed a motion to dismiss the complaint for the reason that same does not set forth a compensable claim, in that it is predicated upon alleged liability of the State to respond in damages for personal injuries alleged to have been caused by the negligence of the agents and servants of the State in the construction of said stairway and rail; that the rule of "Respondeat Superior" not applying to the State, no legal liability rests upon the State for the negligence of its agents, and that even if the condition as alleged be true no right to an award would accrue.

We have held in numerous cases that in the maintenance and construction of its hard surfaced roads the State is engaged in a governmental function, and that in such construction and maintenance the State is not liable for damages caused by defects in construction or negligence upon the part of its employees or agents. (*Harmon* vs. *State,* 9 C. C. R. 26; *Cavatio* vs. *State,* 9 C. C. R. 245.)

As there is no statute in Illinois by which the State is made liable for the negligence of its employees, this court is without authority to enter an award against the State for the unfortunate injuries suffered by claimant. The motion of the Attorney General is allowed and the claim dismissed.